**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **WENDY RENA DANIELS, on behalf of CLARISSA DANIELL DANIELS,** )<br>)<br>) | |
| **Plaintiff,** ) | |
| **v.** ) | **CIVIL ACTION NO. 5:14-cv-354 (MTT)** |
| ) | |
| **AFLOA/JACC,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

Before the Court is the Plaintiff's recast complaint attempting to assert a claim pursuant to the Federal Tort Claims Act.  (Doc. 5).  On October 20, 2014, the Court granted the Plaintiff's motion to proceed *in forma pauperis*, but in lieu of dismissing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court directed the Plaintiff to state why her administrative claim was timely filed.  (Doc. 4).  Because the Plaintiff is proceeding *in forma pauperis*, the Court is required to dismiss the case if it: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

The Plaintiff seeks to recover damages for injuries suffered by her daughter when she was delivered at an Air Force hospital in 1987.  (Doc. 1).  The daughter is now at least 26 years old.  According to the documents attached to the complaint, the Air Force Legal Operations Agency, noting that the Plaintiff's administrative claim was filed 25 years after her daughter's birth, denied the Plaintiff's administrative claim as untimely.  (Doc. 1-2).  Pursuant to the Federal Tort Claims Act, "[a] tort claim against the

United States shall be forever barred unless it is presented in writing to the appropriate Federal Agency within two years after such claim accrues."  28 U.S.C.A. § 2401(b).  A claim for medical malpractice "accrues when the plaintiff is, or in the exercise of reasonable diligence should be, aware of both her injury and its connection with some act of the defendant."  *Price v. United States*, 775 F.2d 1491, 1493 (11th Cir. 1985).  "Knowledge of the injury and its cause should stimulate inquiry, and the victim of the injury has two years to discover enough facts on which to base the claim."  *Jones v. United States*, 294 F. App'x 476, 479 (11th Cir. 2008).

The Defendant contends the claim was not timely filed because the Plaintiff knew of the alleged negligence at her daughter's birth and waited too long after the alleged negligence occurred to file.  (Doc. 1-2).  In both the complaint and recast complaint, the Plaintiff emphasizes she lacked the necessary medical knowledge to understand her daughter's brain damage or legal knowledge to file the claim within the limitations period.  (Docs. 1, 5).  However, the Plaintiff admits she has been trying to file a claim since before her daughter became a teenager, but it "took [her] 25 years to file."  (Doc 1 at 2).  Given this admission, the two-year limitations period has run well past the latest arguable date the Plaintiff was aware of the injury or should have been aware after an exercise of reasonable diligence.  Accordingly, the medical malpractice claim is time-barred, and thus the complaint fails to state a claim on which relief may be granted.

Therefore, the Plaintiff's case is **DISMISSED**.

**SO ORDERED**, this 21st day of November, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT