IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| WENDY RENA DANIELS, on behalf of CLARISSA DANIELL DANIELS, </br></br>Plaintiff, </br></br>v. </br></br>AFLOA/JACC, </br></br>Defendant. | ) ) ) ) ) ) ) CIVIL ACTION NO. 5:14-cv-354 (MTT) ) ) ) ) ) |

## ORDER

Before the Court is the Plaintiff's motion for reconsideration (Doc. 8) of the Court's Order dismissing her case (Doc. 6). The Court granted the Plaintiff's motion to proceed *in forma pauperis*, but pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismissed the Plaintiff's case because her medical malpractice claim was time-barred under the Federal Tort Claims Act, 28 U.S.C.A. § 2401(b). (Doc. 6).

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga., L.R. 7.6. Further, "[i]n the interests of finality and conservation of scarce resources, reconsideration of an order is an extraordinary remedy which is to be employed sparingly." *DePass v. Unum,* 2012 WL 135394, * 1 (S.D. Fla.) (citing *United States v. Bailey,* 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003)). "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson,* 2010 WL 339806, at *1 (M.D. Ga.

- 2 -

2010) (internal quotation marks and citation omitted).  "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived."  *McCoy v. Macon Water Auth.,* 966 F.Supp. 1209, 1222–23 (M.D. Ga. 1997).

      Here, the Plaintiff has not met her burden.  She has alleged no intervening change in the law, has presented no new evidence not previously available to the parties, and the Court is not persuaded its previous ruling was clearly erroneous.  Though the Court understands she, as a pro se plaintiff, was unsure how to file a claim or a timely one, this reason cannot form the basis for granting her motion for reconsideration.  Accordingly, the Plaintiff's motion for reconsideration is **DENIED**.  The Plaintiff's request for a telephone conference is moot.

      **SO ORDERED**, this 17th day of December, 2014.

                                            S/ Marc T. Treadwell
                                            MARC T. TREADWELL, JUDGE
                                            UNITED STATES DISTRICT COURT