IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WENDY RENA DANIELS, on behalf of CLARISSA DANIELL DANIELS, | : : : | |
| Plaintiff, | : : | |
| v. | : : | CASE NO.: 5:14-CV-00354 (LJA) |
| AFLOA/JACC, | : : | |
| Defendant. | : : | |

### ORDER

Before the Court is Plaintiff Wendy Rena Daniels' Letter Motion to Vacate.[1] (Doc. 11). For the reasons that follow, Plaintiff's Letter Motion is **DENIED**.

### I.    BACKGROUND

On October 7, 2014, *pro se* Plaintiff, Wendy Rena Daniels, on behalf of Clarissa Daniell Daniels, filed a letter, construed as a complaint, asserting a claim pursuant to the Federal Tort Claims Act for injuries allegedly suffered by her daughter in 1987 when she was delivered at Robins Air Force Base in Georgia. (Doc. 1). In the complaint, Plaintiff stated, "It took me 25 years to file a claim for Clarissa…." (*Id.*). The case was assigned to District Judge M. Treadwell. (*See* Docket). On October 20, 2014, the Court granted the Plaintiff's motion to proceed *in forma pauperis* and ordered the Plaintiff to recast her complaint – giving her an opportunity to state why her claim was not untimely. (Doc. 4). Plaintiff filed her recast complaint on October 29, 2014; however, the allegations clearly were untimely and the Court dismissed the action on November 21, 2014. (Docs. 5, 6). On December 1, 2014 Plaintiff filed a motion for reconsideration, which the Court denied on December 17, 2014. (Docs. 8,

---
[1] As explained below, for the purposes of this Order, the Court construes Plaintiff's letter regarding "Bias/Conflict of Interest/Brady Violation-Ethic and Ethnic," (Doc. 11), as a Letter Motion to Vacate.

1

9).

On January 15, 2015, Plaintiff filed a letter with the Court regarding "Bias/Conflict of Interest/Brady Violation-Ethic and Ethnic" and requested that an unbiased party rule on her motion. (Doc. 11). Plaintiff attached a letter from Judge Treadwell's former law firm dated June 28, 2007, in which Judge Treadwell – who was a lawyer in private practice at the time the letter was written – declined to represent Plaintiff in a lawsuit in this matter. (*See* Doc. 11). As stated in the letter, the primary reason for declining to represent Plaintiff was that the statute of limitations had lapsed on any claims Plaintiff might have had. (*Id.*). Judge Treadwell never technically represented Plaintiff, and he did not recall that Plaintiff had consulted him about this case until she raised the recusal issue approximately three months after the case was assigned to him and almost two months after the Order dismissing the case was entered. (*See* Doc. 12). Because, however, 28 U.S.C. § 455 requires a judge to recuse himself when his impartiality might reasonably be questioned or when he has served as a lawyer in a matter, Judge Treadwell properly recused himself from further consideration of this matter once he was made aware of his prior interaction with Plaintiff. (*Id.*).

## II.     DISCUSSION

In the recusal Order, Judge Treadwell construed Plaintiff's January 2015 letter as a motion to vacate pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (*Id.*). Pursuant to Rule 60(b), a litigant may move for relief from a judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) void judgment; (5) the judgment has been satisfied or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

The legal basis for Plaintiff's motion is not clear from the face of Plaintiff's letter. The Court recognizes, however, that a "document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (citations omitted). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)

2

(citations omitted), *overruled on other grounds as recognized in Randall v. Scott,* 610 F.3d 701, 709 (11th Cir. 2010). Liberally construing Plaintiff's letter and the attached documents within the appropriate bounds, it appears that Plaintiff's request for relief is based on Rule 60(b)(1) and (b)(6).

### A. Rule 60(b)(1)

In a document attached at page four of her letter, Plaintiff explains that she failed to file her claim in a timely manner "due to lack of knowledge in the medical and legal area." (Doc. 11). She goes on to explain that she was unaware of the statute of limitations in personal injury cases and was not aware of the medical mistake that allegedly had been made. (*Id.*). The Court interprets this to be an argument for relief pursuant to Rule 60(b)(1) which provides that a final judgement may be vacated where there is "mistake, inadvertence, surprise, or excusable neglect."

The leniency afforded to *pro se* litigants does not mean that they do not have to abide by the rules or that procedural requirements will be excused in the face of a mistake, or even excusable neglect. As explained by the Supreme Court, "procedural rules in ordinary civil litigation should [not] be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984, 124 L. Ed. 2d 21 (1993). Rather, "experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Id.*, (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S. Ct. 2486, 2497, 65 L. Ed. 2d 532 (1980)). Accordingly, the fact that Plaintiff did not know about the statute of limitations does not excuse the fact that she filed this matter decades after the statute of limitations lapsed and cannot provide a basis upon which to vacate the dismissal under Rule 60(b)(1).

### B. Rule 60(b)(6)

Rule 60(b)(6) is a catchall provision that permits a judgment to be set aside for "any other reason justifying relief." The argument that the order dismissing Plaintiff's case should be vacated because the prior judge was recused pursuant to § 455 falls under this provision because it is not based on one of the grounds set forth in provisions (b)(1) through (b)(5). *See Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 863-64, 108 S. Ct. 2194, 2204-05, 100 L.

Ed. 2d 855 (1988). "It is well established, however, that relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances," and that the "party seeking relief has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citations omitted). Plaintiff has not made, nor can she make, such a showing.

Courts are to engage in a harmless error analysis when determining the remedy for a violation of § 455. *See Liljeberg,* 486 U.S. at 862, 864. The Supreme Court suggested the following test for determining the proper remedy for a § 455(a) violation. Courts should consider: "[1] the risk of injustice to the parties in the particular case, [2] the risk that the denial of relief will produce injustice in other cases, and [3] the risk of undermining the public's confidence in the judicial process." *Id.* at 864. The Eleventh Circuit has held that this test applies to violations of § 455(b) as well, stating, "[i]f we assume that there was a violation of § 455(b), we believe that our discussion of the remedy for the § 455(a) violation would also apply and reversal would not be mandated." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1527 (11th Cir. 1988).

As to the first factor, there is no risk of injustice if the Court's Order is not vacated. The injury to Plaintiff's daughter occurred in 1987, over 25 years ago, and there is no question that the statute of limitations lapsed long before the complaint was filed. Thus, the case would properly be dismissed regardless of what judge ruled on the matter. In fact, vacating the judgment would be an injustice to the Defendant who has a right to have the statute of limitations enforced. Nor will denying relief in this case produce injustice in other cases as the case was properly dismissed on procedural grounds. Finally, the public's confidence in the judicial system will not be undermined by letting the judgment stand. Rather, vacating the judgment would act to undermine the public's confidence in the fair and consistent application of the law. As discussed above, adherence to procedural rules is the best guarantee of the "evenhanded administration of the law." *McNeil*, 508 U.S. at 113. Accordingly, as the violation of § 455 was harmless, there is no basis to vacate the dismissal under Rule 60(b)(6).

### III.     CONCLUSION

Because Plaintiff has not alleged a basis entitling her to relief from the Court's previous Order, the Letter Motion to Vacate, (Doc. 11), is **DENIED**.

**SO ORDERED**, this   27th   day of August, 2015.

                                          /s/ Leslie J. Abrams
                                          **LESLIE J. ABRAMS, JUDGE**
                                          **UNITED STATES DISTRICT COURT**